# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHERYL ANITA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-169-JHP-KEW |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Cheryl Anita Brown (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on November 13, 1960 and was 51 years old at the time of the ALJ's decision. Claimant completed his high school education and some college. Claimant has worked in the past as a fast food worker and housekeeper. Claimant alleges an inability to work beginning June 28, 2010 due to limitations resulting from

3

diabetes, hypertension, chronic bronchitis, and chronic renal failure.

**Procedural History**

On November 8, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration.

On September 6, 2012, Administrative Law Judge ("ALJ") Larry D. Shepherd conducted an administrative hearing by video presiding in Oklahoma City, Oklahoma and Claimant appearing in Ardmore, Oklahoma. On September 6, 2012, the ALJ issued an unfavorable decision. The Appeals Council declined to review the decision on January 31, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform her past relevant work as a mental health aide.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) engaging in a flawed credibility analysis; and (2) reaching an RFC assessment which was legally flawed and not supported by substantial evidence.

**RFC Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity, status post right carpal tunnel release, diabetes mellitus, hypertension, chronic bronchitis, and chronic renal failure. (Tr. 49). The ALJ concluded Claimant retained the RFC to perform light work. In so doing, the ALJ found Claimant could lift/carry 20 pounds occasionally and 10 pounds frequently, could stand/walk for about six hours total in an eight hour workday, and could sit for about six hours in an eight hour workday. (Tr. 52). She could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. Claimant could not climb ladders, ropes, and scaffolds. She was found to be able to frequently handle and finger with her right upper extremity and was to avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. (Tr. 53). After consultation with a vocational expert, the ALJ found Claimant could perform her past relevant work as a mental health aide. (Tr. 55). Based upon this finding, the ALJ determined Claimant was not under a disability from June 28, 2010 through the date of the decision. Id.

Claimant contends the ALJ's RFC assessment failed to adequately consider her chronic kidney failure after determining it was a severe impairment. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. See e.g. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). This Court does not deny that Claimant suffers from an impairment of her kidney function or that she was hospitalized for the condition until she was restored to moderate kidney function. (Tr. 591, 600, 609, 623, 637-38). However, the evidence does not indicate that this function precludes Claimant from engaging in basic work activities. The only restriction noted in the record was joint swelling and foot pain. (Tr. 559, 577 605-

27).

Claimant was evaluated by Dr. Baha Abu-Esheh on February 19, 2011. He found Claimant had a stable gait with appropriate speed, did not use assistive devices, and had no identifiable muscle atrophy. Her heel/toe walking was normal and her tandem gait was within normal limits. (Tr. 369).

On August 2, 2011, Claimant was evaluated by Dr. S. A. Chaudry. Dr. Chaudry determined Claimant would walk unassisted, that heel and toe walking could be achieved, her gait was unassisted and safe with normal stance and swing. (Tr. 436). He noted Claimant had no loss of power in any extremities. (Tr. 434).

On October 29, 2011, Dr. William Cooper performed a consultative examination of Claimant. He also found Claimant's gait to be safe and stable with appropriate speed. He noted Claimant does not ambulate with the aid of assistive devices, had no identifiable muscle atrophy, showed normal heel/tow walking and her tandem gait was within normal limits. (Tr. 455).

Claimant's treating physician, Dr. J. R. Turrentine also noted Claimant had bounding pulses in both feet. As a result, he wondered why she was having a lot of problems with her feet. (Tr. 559).

Claimant undoubtedly experiences intermittent renal problems.

7

The record, however, does not associate an inability to engage in basic work activities with this condition. The ALJ's RFC assessment is supported by substantial evidence.

### Credibility Determination

Claimant also challenges the ALJ's credibility assessment, contending the three inconsistencies noted by him were inconsequential or not entirely supported. The three bases for discounting Claimant's credibility included contrary medical evidence concerning her pulmonary functioning, evidence Claimant's vision was not impaired despite her allegations to the contrary, and a denial of alcohol and tobacco use.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of

8

any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). While Claimant may discount the inconsistencies cited by Claimant, they are nevertheless present and form a valid basis for questioning Claimant's credibility. The ALJ cited the inconsistencies between the medical findings, Claimant's statements, and her claims of functional restrictions and affirmatively and closely linked his findings on credibility to the factual record. This Court finds no error in his credibility assessment.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore,

9

the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE